IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MARRAH, | : | |
| Plaintiff, | : | Case No. 2:01-cv-1120 |
| v. | : | Judge Holschuh |
| LARRY BOORD, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

**Memorandum and Order**

Plaintiff Patricia Marrah brings this action against Defendants pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001et seq. ("ERISA"), seeking a distribution of her employee retirement funds.[1]  This matter is currently before the Court on Plaintiff's motion to reconsider (Doc. # 81), Plaintiff's motion to amend judgment (Doc. # 82), Defendants Associates in Central Ohio Retirement Plans' motion to amend judgment (Doc. # 83), Defendants Larry Boord and Boord & Associates' ("Boord Defendants") motion to strike motion to amend judgment (Doc. # 85) and the Boord Defendants' motion for leave to file sur-reply *instanter* (Doc. # 87).

**I.  Procedural History[2]**

Plaintiff is a retired employee of Associates in Central Ohio Obstetrics & Gynecology, Inc. ("ACOOG"), and is a participant in ACOOG's Pension and 401(k) Plans ("Plans").

---

[1]As will be discussed *infra*, all other claims have been dismissed.

[2]The facts of this case are more fully set forth in this Court's June 28, 2005 Memorandum and Order.  The parties have not objected to the Court's statement of the facts.

(Amended Complaint at ¶ 1).  The Plans are subject to the terms of ERISA.  (Id. at ¶ 5).

After exhausting her remedies under the terms of the Plans, Plaintiff brought the current action in this Court asserting her rights under ERISA, the terms of the Plans, and state law.  (Id. at ¶¶ 20-24).  Plaintiff named as defendants: Larry Boord and his business, Boord & Associates; the Trustees of the Pension Plan and the 401(k) Plan ("Trustee Defendants"); as well as the Pension Plan and the 401(k) Plan ("Plan Defendants").

Following this Court's resolution of Defendants' motions for judgment on the pleadings, only Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B), seeking an order determining the valuation date for her retirement benefits and for a distribution of those retirement benefits (Count I), and her claim under 29 U.S.C. § 1132(a)(2), seeking restitution to the Plans and their participants for losses attributable to Defendants' alleged breach of their fiduciary duty to diversify the Plans (Count II), remained pending.  Memorandum and Order (December 18, 2002); Memorandum and Order (April 17, 2003).

Thereafter, Plaintiff voluntarily dismissed, with prejudice, her claims against the Trustee Defendants.  Stipulation and Order (May 17, 2004).   On June 2, 2003, the Boord Defendants moved for summary judgment with respect to Plaintiff's failure to diversify claim (Count II).  This Court granted the Boord Defendant's motion concluding the Plaintiff's claim of failure to diversify, asserted pursuant to § 1132(a)(2), was without merit.

On June 28, 2005, this Court, addressing Plaintiff's motion for summary judgment (Doc. # 72), noted that the only claim that remained pending before the Court was Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) seeking an order determining the valuation date for her retirement benefits and for a distribution of those benefits (Count I).  This Court then concluded

that, based on the plain language of the Plans, Plaintiff's accounts in the Plans should be valued as of her Late Retirement Date. (Memorandum and Order (June 28, 2005)).

## II. Motion to Reconsider

On June 28, 2005, Plaintiff filed a motion to reconsider arguing that, because Plaintiff's accounts were inappropriately valued, the Court should reconsider its earlier decision dismissing her claim for breach of fiduciary duty against the Boord Defendants. Thereafter, Plaintiff filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and noted that, because the Court had entered final judgment, her motion for reconsideration was moot. Therefore, this Court will address only Plaintiff's Rule 59(e) motion.[3]

## III. Motion to Alter or Amend Judgment

### A. Standard

Both Plaintiff and the Plan Defendants have moved to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). A motion to amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(internal citations omitted). However, a motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and

---

[3] In any event, because the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions, if filed within 10 days of th entry of judgment, are considered motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

conservation of scarce judicial resources. American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1997).

    **B. Application**

In moving to alter or amend judgment, neither Plaintiff nor the Plan Defendants identify any newly discovered evidence or an intervening change in controlling law. Thus, it appears that the challenge by Plaintiff and the Plan Defendants fall under the clear error of law or manifest injustice categories.[4] In particular, Plaintiff and the Plan Defendants argue that, to give effect to the Court's June 28, 2005 Memorandum and Order, the Plan Defendants will be required to re-allocate funds from the accounts of other plan participants into Plaintiff's account. Plaintiff and the Plan Defendants argue that such a re-allocation will cause a financial loss to the Plans, as well as innocent plan participants.

While re-allocation is certainly a possible result, the parties have not submitted any evidence to indicate that re-allocation is necessary or that the Plans will actually suffer a loss as a result thereof.[5] This Court will not alter or amend its judgment on such a speculative basis, especially where the parties have not identified how such a potential loss was the result of a clear error of law or that such a loss would constitute a manifest injustice.

The Plan Defendants also suggest that this Court's decisions explicitly recognize a breach of fiduciary duty by the Boord Defendants and implicitly recognize that the Plan Defendants

---

[4]Plaintiff does not discuss any of the particular grounds for altering or amending judgment. The Plan Defendants contend, in conclusory fashion, that there was a clear error of law.

[5]As noted by the Boord Defendants, any earnings attributable to Plaintiff following her Late Retirement Date could be used to offset any losses. (Memorandum in Opposition, at p. 2, fn. 1).

4

have a ripe cause of action against the Boord Defendants for breach of fiduciary duty. However, it has not been determined whether the Boord Defendants were the actual administrators of the Plans or whether they breached any fiduciary duties. Moreover, contrary to the Plan Defendants' suggestion, this Court rendered "no opinion as to whether or not the Plans would have a cause of action against the Boord Defendants if the valuation of Plaintiff's accounts, as directed by this Court, causes a loss to the Plans." (Memorandum and Order at p.9, fn 8 (June 28, 2005)). This Court refused to address who should bear any resulting loss to the Plans following a valuation of Plaintiff's accounts therein.

Under these circumstances, Plaintiff and the Plan Defendants have failed to persuade the Court that altering or amending the judgment is necessary to prevent a clear error of law or manifest injustice. The motions to alter or amend judgment are therefore without merit.

**IV. Motion to Strike**

The Boord Defendants have moved to strike the Plan Defendants' motion to alter or amend judgment arguing that, because the Plan Defendants did not assert a claim against the Boord Defendants, the Plan Defendants cannot at this point assert such a claim through a motion to alter or amend judgment. However, because this Court has concluded that the motion to alter or amend judgment is without merit, the Boord Defendants' motion to strike is moot.

**V. Motion for Leave to File Sur-Reply**

Finally, the Boord Defendants have filed a motion for leave to file a sur-reply arguing that such a filing is "necessary to respond to various inaccuracies" contained within the Plan Defendants' reply. However, because this Court has already concluded that the motions of Plaintiff and the Plan Defendants to alter or amend judgment are without merit, there is no need

to allow supplemental briefing.  The Boord Defendants' request is therefore moot.

**WHEREUPON**, the motion of Plaintiff to alter or amend judgment (Doc. # 82) and the motion of the Plan Defendants to alter or amend judgment (Doc. # 83) are **DENIED**.  In addition, Plaintiff's motion for reconsideration (Doc. # 81), the Boord Defendants' motion to strike (Doc. # 85), and the Boord Defendants' motion for leave to file a sur-reply *instanter* (Doc. # 87) are **DENIED** as moot.

**IT IS SO ORDERED.**


<u>October 26, 2005</u>                                                      <u>/s/ John D. Holschuh</u>
                                                                                  John D. Holschuh, Judge
                                                                                 United States District Court